IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:15-cv-139-MR

| | |
|---|---|
| BARNEY ADRIAN DUNLAP, ) | |
| ) | |
| Petitioner, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| DAVID MITCHELL, Superintendent ) | |
| Lanesboro Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Motion to Amend/Clarify Caption filed by the Petitioner on December 2, 2022 [Doc. 42] and the Motion for Reinstatement of Appeal filed by the Petitioner on January 5, 2023 [Doc. 43].

**I.   PROCEDURAL BACKGROUND**

Barney Adrian Dunlap (the "Petitioner") is a prisoner of the State of North Carolina.  The Petitioner was convicted in Caldwell County on September 2, 2011 of two counts of first-degree murder.  [Doc. 4 at 1]; State v. Dunlap, 2013 WL 432627, *1 (N.C. Ct. App. 2013)(unpublished).  The Petitioner was sentenced to two terms of life imprisonment without parole. Id.

The Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court on November 2, 2015. [Doc. 1]. On December 10, 2015, the Court entered an Order dismissing the petition as untimely filed. [Doc. 4]. The Petitioner filed a Motion to Alter or Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure on December 30, 2015. [Doc. 6].

Prior to the Court's ruling on the Motion to Alter or Amend Judgment, the Petitioner filed a Notice of Appeal seeking review of the Court's order disposing of the § 2254 petition. [Doc. 7]. The Court entered an Order denying the Motion to Alter or Amend Judgment on March 23, 2016. [Doc. 11]. The Petitioner filed an Amended Notice of Appeal on April 7, 2016 seeking review of the Court's Order disposing of the Motion to Alter or Amend Judgment. [Doc. 12]. The appellate court dismissed the appeal on October 4, 2016. [Doc. 16].

The Petitioner filed an additional Notice of Appeal on August 12, 2021 seeking review of this Court's Orders denying his § 2254 petition and Motion to Alter or Amend Judgment. [Doc. 20]. On March 31, 2022, the appellate court entered an Order dismissing the appeal, noting that the Petitioner did not file a timely notice of appeal or obtain from this Court an extension or reopening of the appeal period. [Doc. 24].

On May 24, 2022, the Petitioner filed a Motion to Reopen Time to Appeal, seeking to reopen the time period in which to appeal this Court's ruling on his Motion to Alter or Amend Judgment on grounds of excusable neglect. [Doc. 27]. The Petitioner also moved for the appointment of counsel. [Doc. 33]. On August 23, 2022, this Court entered an Order denying the Petitioner's motions. [Doc. 36].

The Petitioner filed a Notice of Appeal on December 1, 2022, which he explained was a motion seeking reinstatement of his direct appeal because his trial counsel failed to perfect his direct appeal and that he was prevented from litigating certain claims on appeal. [Doc. 39 at 1, 5].

Now before the Court are two miscellaneous filings submitted by the Petitioner---a Motion to Amend/Clarify Caption filed on December 2, 2022 [Doc. 42] and Motion for Reinstatement of Appeal filed on January 5, 2023 [Doc. 43].

## III. DISCUSSION

In his Motion to Amend/Clarify Caption, the Petitioner seeks to amend his most recently filed Notice of Appeal [Doc. 39] and explains that the caption should be read as "Motion for Writ of Mandamus to Reinstate Direct Appeal." [Doc. 42]. The Notice of Appeal [Doc. 39] was transmitted to the appellate court on December 5, 2022. [Docs. 40, 41]. On April 25, 2023,

3

the Fourth Circuit Court of Appeals issued an opinion in which it explained that although the Petitioner sought to appeal this Court's Order denying his motion to reopen the time to appeal, his informal brief failed to challenge the basis for the Court's disposition and he therefore forfeited appellate review. See [Docs. 46, 48]. The appellate court affirmed this Court's denial of the Petitioner's motion to reopen the time to appeal. [Id.]. Because the appellate matter has already been disposed of by the Fourth Circuit Court of Appeals, the Petitioner's request to amend the caption of the Notice of Appeal is therefore denied as moot.

On January 5, 2023, the Petitioner filed a pleading titled "Notice of Appeal – Amended," which the Clerk of Court has docketed as a "Motion for Reinstatement of Appeal." [Doc. 43]. The Petitioner states that he is certifying that he has filed a Notice of Appeal on the Motion to Amend/Clarify Caption filed on December 2, 2022. [Id.]. It appears that the Petitioner intends for the pleading to serve as a Notice of Appeal seeking review of this Court's ruling on the Motion to Amend/Clarify Caption [Doc. 42]. However, such filing would be premature because it was filed before the Court ruled on the pending motion. The pleading will therefore be denied.

**IT IS, THEREFORE, ORDERED** that:

1. The Motion to Amend/Clarify Caption [Doc. 42] is **DENIED** as moot.

2. The Motion for Reinstatement of Appeal [Doc. 43] is **DENIED**.

**IT IS SO ORDERED.**

Signed: June 27, 2023

Martin Reidinger
Chief United States District Judge

5

Case 5:15-cv-00139-MR   Document 49   Filed 06/28/23   Page 5 of 5